IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02654-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

UNITED STATES,
MARIE BAILEY,
WEURLICH,
CHUCK TURNER,
W. WILLIAMSON,
C. CHESTER,
W. HAYGOOD,
W. MONTGOMERY,
ROBERT A. HOOD, and
CLIFF YOUNG,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER OVERRULING OBJECTION

---

On January 31, 2006, Plaintiff Bob Allen Custard submitted a Letter to the Court, in which he questions why he was not notified in writing and allowed the opportunity to decide whether he would consent to a magistrate judge presiding over his case, as is provided for under 28 U.S.C. § 636(c)(1),(2). For the reasons stated below, the Court finds that Mr. Custard's Letter is more appropriately considered under

§ 636(b)(1)(A), as section 636(c) does not apply to either of the orders Magistrate Judge Boyd N. Boland has entered in this action.

Under § 636(b)(1)(A)

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

Furthermore, under the United States District Court for the District of Colorado Local Rules of Practice 72.1, this Court has designated to a magistrate judge the authority to "make determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any suit, action, or proceedings in which a request is made to proceed *in forma pauperis*." Therefore, Magistrate Judge Boland's December 29, 2005, Order, directing Mr. Custard to cure certain designated deficiencies, and his January 20, 2006, Order, directing Mr. Custard to pay an initial partial filing fee of $16.00 or show cause why he has no assets, are not clearly erroneous or contrary to law. Accordingly, it is

ORDERED that Plaintiff's objection to Magistrate Judge Boyd N. Boland's December 29, 2005, and January 20, 2006, Orders is overruled. It is

FURTHER ORDERED that Plaintiff's "Motion to Withhold Consent to Magistrate Jurisdiction," filed February 13, 2006, is denied as inappropriate. It is

FURTHER ORDERED that Plaintiff has **thirty days from the date of this Order** either to pay the initial partial filing fee of $16.00 or to show cause why he has no assets. It is

FURTHER ORDERED that if Plaintiff fails to comply with the January 20, 2006, Order within thirty days from the date of the instant Order the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this 14 day of February, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02654-BNB

Bob Allen Custard
Reg. No. 02728-031
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/15/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk