IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 26 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02654-ZLW

BOB ALLEN CUSTARD,

   Plaintiff,

v.

CHUCK TURNER,
W. WILLIAMSON,
MARIE BAILEY,
MICHAEL MORRISON,
C. CHESTER,
W. MONTGOMERY,
ROBERT A. HOOD.
UNITED STATES,
M. DUNLAP, and
W. HAYGOOD,

   Defendants.

---

### ORDER DENYING PRISONER'S RULE 60(b) MOTION

---

Plaintiff Bob Allen Custard is a federal prisoner who currently is housed at the United States Penitentiary in Florence Colorado. On April 12, 2006, Plaintiff filed a *pro se* "Prisoner's Rule 60(b) Motion for Relief From Judgment and Order."

The Court must construe the Motion liberally, because Mr. Custard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Custard's Motion was filed more than ten days after the Court's March 28, 2006, Order and Judgment of Dismissal. Although Mr. Custard dated the Motion April 3, 2006, he has not met his burden to establish his entitlement to the benefit of the mailbox rule under **Houston v. Lack**, 487 U.S. 266 (1988), which would provide a basis for considering the Motion as filed pursuant to Fed. R. Civ. P. 59(e). **See Price v. Philpot**, 420 F.3d 1158 (10th Cir. 2005). Nonetheless, Mr. Custard identified the Motion as filed pursuant to Fed. R. Civ. P. 60(b). Furthermore, whether the Court considers the Motion under Rule 59(e) or 60(b) the Motion will be denied.

The Court dismissed the instant action without prejudice because Mr. Custard failed to submit a certified account statement to the Court, as he was directed to do by Magistrate Judge Boyd N. Boland on January 20, 2006, if he was not able to pay the $16.00 initial partial filing fee. Although Plaintiff contends that he, in good faith, attempted to comply with Judge Boland's January 20 Order, he fails to assert in the Motion any reasons regarding the dismissal that justify a decision to vacate the order of dismissal in this action. Therefore, the Motion will be denied.

2

The Court further notes, however, that although Mr. Custard asks the Court to "please understand/consider that "the only real experience [he] [has] 'pro se' . . . is in *Custard v. Robinson*, USDC/N.D. GA # 99-cv-3285," (Mot. at 4), he has considerable experience in filing *pro se* actions. Plaintiff has filed at least ten other *pro se* prisoner complaints in several different federal district courts. He has two strikes against him under 28 U.S.C. § 1915(g), he has had filings stricken as scandalous and impertinent, and he has been threatened with sanctions. *See Custard v. Gariety, et al.*, No. 04-cv-03078-RED (W.D. Mo. July 22, 2004) (dismissed under 28 U.S.C. § 1915A(b)(1) and (2), on Sept. 16, 2004, motions stricken as impertinent and scandalous, plaintiff was warned of possible sanctions); *Custard v. U.S., et al.*, No. 04-cv-00538-GPM (S. D. Ill. Filed Aug. 3, 2004); *Custard v. Rau, et al.*, No. 04-cv-00080-WDS-PMF (S.D. Ill. Filed Feb. 4, 2004); *Custard v. Agtuca, et al.*, No. 00-cv-00927-JPG (S.D. Ill. Mar. 6, 2002) (found to count as one strike of plaintiff's three allotted strikes); *Custard v. Robinson, et al.*, No. 99-cv-03285-CAM (N.D. Ga. Filed Dec. 21, 1999); *Custard v. Robinson, et al.*, No. 97-cv-01090-CAM (N.D. Ga. May 5, 1999); *Custard v. Essiz, et al.*, No. 96-cv-01835-JFM-EC (M.D. Pa. May 28, 1998); *Custard v. Custard, et al.*, No. 95-cv-01153 (W.D. Okla. Aug. 07, 1996); *Custard v. Pierce, et al.*, No. 94-cv-03441-RDR (D. Kan. Feb. 15, 1995); *Custard v. Scott, et al.*, No. 94-cv-03423-RDR (D. Kan. May 28, 1996).[1]

Plaintiff was warned in the March 28, 2006, Order that his filings border on being malicious, that they simply are an attempt to inundate the Court, and that if he

---

[1] Mr. Custard has been identified as the true plaintiff in each of the above-listed cases. His inmate registration number appears on the docket in each of the cases.

continues to submit superfluous filings in any future actions filed in this Court he may be sanctioned. He now has submitted fraudulent information to the Court. Plaintiff is warned that in any future filings if he provides any information that is found to be fraudulent he will be subject to sanctions. Accordingly, it is

ORDERED that "Plaintiff's Rule 60(b) Motion for Relief From Judgment and Order," filed April 12, 2006, is denied.

DATED at Denver, Colorado, this 26 day of April, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02654-BNB

Bob Allen Custard
Reg. No. 02728-031
ADX – Florence
PO Box 8500
Florence, CO 81226

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  4-26-06

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk